LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*



15 CV 1511

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

MIGUEL ANGEL COLULA and JORGE ARGUELLO,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

        Plaintiffs,

        v.

ENGLISH ENTERPRISES, INC., OLIVES NY LLC, and TODD ENGLISH

        Defendants.

---

Case No.:

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, MIGUEL ANGEL COLULA and JORGE ARGUELLO ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, ENGLISH ENTERPRISES, INC., OLIVES NY LLC (the "Corporate Defendants") and TODD ENGLISH (the "Individual Defendant" and collectively with the Corporate Defendant, the "Defendants") and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") that they and others similarly situated are entitled to recover from Defendants: (1) unpaid compensation due to time-shaving, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid compensation due to time-shaving, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1391.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, MIGUEL ANGEL COLULA, is a resident of Richmond County, New York.

6. Plaintiff, JORGE ARGUELLO, is a resident of Richmond County, New York.

7. TODD ENGLISH ENTERPRISES, INC., is a domestic corporation organized under the laws of the State of Massachusetts, with its executive office located at 90 MAIN STREET, CHARLESTOWN, MA 02129. TODD ENGLISH ENTERPRISES, INC. owns over twenty restaurants in the U.S., including Todd English's Olives New York restaurant.

8. OLIVES NY LLC, is a foreign limited liability company organized under the laws of the State of Delaware, with an address for service of process located at 1 FIRST AVENUE, CHARLESTOWN, MA 02129. OLIVES NY LLC operates Todd English's Olives New York restaurant.

9. TODD ENGLISH is President of the Corporate Defendants. TODD ENGLISH makes operational decisions (including payroll and wage and hour policies) concerning Todd English's Olives New York and meets with managers whom he directs to supervise employees at Todd English's Olives New York. TODD ENGLISH hires managers to supervise employees' day to day activities but has ultimate authority over staffing, payroll and all wage and hour policies at Todd English's Olives New York. He also supervises employees directly. For example, when he visits the restaurant and observes that an employee is performing poorly, he will yell at the employee and correct any inadequacy in the service provided by staff to customers. Defendant ENGLISH usually visits the Todd English's Olives New York establishment several times a month. During his visits, he stays for at least 5 hours, supervising employees, inspecting the establishment and correcting any inadequacies. TODD ENGLISH exercises, and also delegates to managers, the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, but Defendant ENGLISH retains ultimate control over the terms and conditions of their employment. Defendant ENGLISH also has the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

10. The Defendants operate a restaurant business under the trade name Todd English's Olives New York ("Olives New York"). Olives New York is located in the W New York hotel located at 201 PARK AVE SOUTH, NEW YORK NY 10003.

11. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rues, all culminating in a willful failure and refusal to pay them compensation for all hours worked due to a policy of time-shaving and overtime premium at the rate of one and one half times the regular rate for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and

4

other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to compensate employees for all hours worked due

to a policy of time-shaving, (ii) failing to pay properly pay all overtime compensation, and (iii) failing to provide wage notices and wage statements that were in compliance with the requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a

class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not names in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

f) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law; and

g) Whether Defendants failed to properly compensate Plaintiffs and Class members for all hours worked due to a policy of time shaving and failing to correctly track the hours worked by Plaintiffs and Class members.

## STATEMENT OF FACTS

22. In or about July 2008, Plaintiff, MIGUEL ANGEL COLLULA, was hired by Defendants to work as a dishwasher for Defendants at their "Todd English's Olives New York" restaurant, also known as "Olives New York", located in the W New York hotel located at 201 Park Avenue South, New York, NY 10003.

23. Throughout his entire employment, Plaintiff, Miguel Angel Colula was regularly scheduled to work forty (40) hours per week. Specifically, his schedule was from 6:00am to 2:00pm, for 5 per week. However, Plaintiff Colula was instructed to arrive early and change into his uniform before clocking in. Plaintiff Colula would begin working once he was dressed, but did not clock in until his regularly scheduled time. Similarly, at the end of the day, Plaintiff Colula would clock out before changing out of his uniform. Such policy resulted in an additional

8

15-30 minutes off-the-clock work each day. Plaintiff Colula was never compensated for the additional time worked beyond his regular hours, and was only paid 40 hours or less each week, resulting in 2 unpaid overtime hours each week.

24. From July 2008 until in or about 2011, Plaintiff Miguel Angel Colula was paid an hourly rate of $9.00. From in or about 2011 until July 2013, he was paid an hourly rate of $10.00. Finally, from July 2013 until February 13, 2014, he was paid an hourly rate of $11.00.

25. Plaintiff Miguel Angel Colula's employment with Defendants ended on February 13, 2014.

26. In or about July 2011, Plaintiff, JORGE ARGUELLO, was hired by Defendants to work as a dishwasher for Defendants at their "Olives New York" restaurant, located at 201 Park Ave South, New York, NY 10003.

27. Throughout his entire employment, Plaintiff Jorge Arguello was regularly scheduled to work forty (40) hours per week. Specifically, he worked from 7am to 3pm, for 5 days a week. However, Plaintiff Arguello was instructed to arrive early and change into his uniform before clocking in. Plaintiff Arguello would begin working once he was dressed, but did not clock in until his regularly scheduled time. Similarly, at the end of the day, Plaintiff Arguello would clock out before changing out of his uniform. Such policy resulted in an additional 15-30 minutes off-the-clock work each day. Plaintiff Arguello was never compensated for the additional time worked beyond his regular hours, and was only paid 40 hours or less each week, resulting in 2 unpaid overtime hours each week.

28. Throughout his entire employment, Plaintiff Arguello was paid an hourly rate of $10.00.

29. Plaintiff Jorge Arguello's employment with Defendants ended on February 13, 2014.

30. Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class often worked in excess of forty hours per week. Plaintiffs, FLSA Collective Plaintiffs and Class members' paystubs did not accurately reflect their working hours. Plaintiffs, FLSA Collective Plaintiffs and Class members were instructed to arrive to work early, change into their uniforms and start working, before clocking in. Employees could only clock in for their scheduled hours, not actual hours worked. Such time shaving policy resulted in a reduction of wages for hours worked for all non-exempt employees, and in additional unpaid overtime hours.

31. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and Class members for all hours worked due to a policy of time-shaving.

32. Defendants unlawfully failed to pay Plaintiffs, the FLSA Collective Plaintiffs and Class members overtime premium for all hours worked over forty (40) per workweek.

33. Defendants failed to properly notify Plaintiffs, the FLSA Collective Plaintiffs, and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law. Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

34. Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked and overtime premium for all hours worked in excess of forty hours per week to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

35. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiffs reallege and reaver Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked due to a policy of time-shaving and overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per work week.

41. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain

11

these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs as the statutory rate of time and one-half for their hours worked in excess of forty hours per week when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate cause result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid compensation due to time-shaving and unpaid overtime wages, plus an equal amount as liquidated damages.

47. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them (i) for all hours worked due to a policy of time-shaving and (ii) overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

51. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

52. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

53. Defendants failed to provide proper wage statements to all non-exempt employees with each payment as such wage statements do not accurately reflect all hours worked by employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid compensation due to Defendants' policy of time shaving and failing to correctly track the hours worked;

e. An award of liquidated and/or punitive damages as a result of Defendants' wilful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked and overtime compensation, pursuant to the New York Labor Law;

g. An award of prejudgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert feed and statutory penalties;

h. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representatives of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 02, 2015

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____
        C.K. Lee, Esq.